PEOPLE *v.* MASCZ.

APPEAL AND ERROR—DENIAL OF MOTION TO QUASH NOT REVIEW-ABLE WHERE RECORD INCOMPLETE.

Denial by the trial court of a motion to quash the information, complaint, and warrant because the evidence on which the charge of violating the prohibition law rested was procured by an unlawful search, may not be reviewed where the testimony on which the motion was based was not made a part of the record in the Supreme Court.

Exceptions before judgment from Jackson; Williams (Benjamin), J. Submitted January 17, 1924. (Docket No. 133.) Decided March 5, 1924.

John Mascz was convicted of violating the liquor law. Affirmed.

On question of admissibility of testimony of preliminary examination of witnesses not available at time of trial, see note in 25 L. R. A. (N. S.) 868.

On continuance of trial to procure witness who is beyond jurisdiction, see note in L. R. A. 1918E, 527.

On use in criminal case of testimony given on former trial or preliminary examination by witness not available at present trial, see notes in 15 A. L. R. 495; 21 A. L. R. 662.

*F. L. Blackman,* for appellant.

*John Simpson,* Prosecuting Attorney, and *Harry E. Barnard,* Assistant Prosecuting Attorney, for the people.

SHARPE, J.    Defendant reviews his conviction of a violation of the prohibition law on exceptions before sentence.    At the opening of the trial, defendant's counsel moved to quash "the information, complaint and warrant" for the reason that the evidence on which the charge rested was procured by an unlawful search.    No affidavit was filed in support of the motion.    Defendant's counsel stated to the court, "The motion is based on the testimony in lower court, which is here."    While doubtless in the files in the circuit court, it is not made a part of the record in this court.    We must decline to review the action of the trial court in denying such motion without having the testimony on which the motion was based before us.

The exceptions are overruled.    The trial court will proceed to sentence.

CLARK, C. J., and McDONALD, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.